---

Fɪsᴋ and others *vs*. Tʜᴇ Kᴇᴇsᴇᴠɪʟʟᴇ Wᴏᴏʟʟᴇɴ ᴀɴᴅ Cᴏᴛ-
ᴛᴏɴ Mᴀɴᴜғᴀᴄᴛᴜʀɪɴɢ Cᴏᴍᴘᴀɴʏ and others.

Where a bill was filed to close up the concerns of a manufacturing company,
   which was alleged to have been dissolved, in fact, upon a particular day,
   and a decree was made for the benefit of creditors as to all debts which
   were due on the day of the alleged dissolution; *Held*, that a creditor who
   had commenced suits to recover debts due from the corporation, and who had
   obtained judgments therein before the decree, but after the time of dissolution
   mentioned in the bill and in the decree, was equitably entitled to his costs in
   those suits up to the time when he could have come in under the decree ;
   but that, by the terms of the decree, the master was not authorized to allow
   costs which had accrued subsequent to the day upon which the corporation
   was alleged to have been dissolved in fact.

Tʜᴇ bill in this case was filed against a manufacturing
corporation and its stockholders, by the complainants, in
behalf of themselves and all other creditors of the corpo-

---

(*a*) But see *Post* v. *The Bank of Utica*, decided by the court for the cor-
rection of errors, December, 1844.

ration, to close up its concerns ; and to charge the stockhold-
ers to the extent of their several interests in the capital
stock, or to so much thereof as might be necessary to pay the
debts of the corporation.   The bill alleged that the corpo-
ration became dissolved in fact, on the 24th of March,
1843.   And in September of the same year a decree was
entered accordingly, upon the bill taken as confessed, re-
ferring it to a master to take an account of the debts of
the corporation due at the time of its dissolution on the
24th of March, 1843, and allowing all the creditors to
come in and prove their debts under the decree.   Two
judgments were recovered against the corporation in May,
1843, upon suits commenced about the first of March, for
debts then due and owing by the corporation.   And the
question which arose in this case, upon a petition to cor-
rect the master's report, was whether the costs of the suits
in which such judgments were obtained could be proved,
under the decree, as a part of the debts due from the cor-
poration at the time of its dissolution ; the master having
allowed the petitioners the amount of the original debts
and interest but rejected the costs.

*A. K. Hadley*, for the petitioners.

*S. J. Cowen*, for the complainants and stockholders.

THE CHANCELLOR.   Upon the argument of this case I
had a very strong impression that the decision of the master
was wrong, notwithstanding the decision of the supreme
court in *Bailey & Storm* v. *Bancker*, (3 *Hill's Rep.* 188.)
In that case, the decision is put upon the particular phrase-
ology of the statute under which the personal liability of
the individual stockholders was created.   And Mr. Justice
Bronson, in his opinion, admits that the construction which
the court has been compelled to put upon the statute is con-
trary to the justice of the case.   So in this case, at the time
when the suits at law were commenced against the corpo-
ration by the petitioners, it does not appear that the corpo-

1844.

Fisk
v.
The Keeseville
Manuf. Co.

1844.

Fisk
v.
The Keeseville
Manuf. Co.

rate property had been exhausted, or its business so interrupt-ed as to authorize the petitioners to file a bill against the company and its stockholders for the recovery of their debts. They were in justice and equity, therefore, entitled to their costs, at least up to the time when they could have proceeded in this court. And if the fact of the recovery of these judgments had been known at the time of the making the decree in this cause, I think a provision should have been inserted, in the decree, allowing creditors thus circumstanced to come in and prove for their costs at law, as a proper charge upon the corporation and its stockholders.

But upon examining the terms of the decree under which the petitioners and other creditors have come in to prove their debts, I think the master was not authorized to allow for costs which were not an actual debt against the corporation on the 24th of March, 1843. The decree declares that the corporation became insolvent and was dissolved on that day; and it directs the master to take an account of the complainants' debts against the corporation and of the debts due at that time to all other creditors of the corporation who should elect to come in under the decree. This necessarily precludes the master from allowing any thing to a creditor coming in under that decree, except what can fairly be considered a debt at the time when the decree declares the corporation to have been dissolved. For he could not go beyond the decree of the court and provide for a case which had been overlooked in drawing up the decree. The complainants' solicitor, to whom the claims of the petitioners were entrusted, was therefore right in supposing that the decision of the master was correct, and that it would be improper to subject them to the risk of being charged with further costs by excepting to the master's report. He also had reason to suppose, from the decision of the supreme court in the case before alluded to, that these costs, which were adjudged to the petitioners, in their suits against the corporation, subsequent to the time of its dissolution as stated in the bill, could in no event be charged upon the stockholders individually, upon

the facts which the stockholders had admitted by suffering the bill to be taken as confessed.

The application to correct the report must therefore be denied, upon the merits, without reference to the form of the application. But under the circumstances of this case I shall not charge the petitioners with the costs of opposing such application.