Mr. Chief Justice Johnson, delivered the opinion of the Court. The legal effect of the replication of the State to the defendant’s plea in abatement is to admit the existence of the fact set up in the plea, but in avoidance to charge that, notwithstanding such disqualification, there were a sufficient number of Grand Jurors concurring in the finding of the bill to constitute it a good and valid indictment. The only question then that is presented, is whether an indictment found by fourteen Grand Jurors only, is a good and valid indictment. The 64th Sec. of Chap. 52, of the Digest, declares that “ There shall be not less than 16 persons sworn on any Grand Jury,” and the 7th Sec. of Chap. 94 also declares that “Not more nor less than sixteen Grand Jurors shall be summoned to attend any one Court.” It is perfectly clear and unquestionable, therefore, that no less number than sixteen can be said to be a lawful Grand Jury, and as a necessary consequence, an indictment preferred by a less number cannot be a good and valid indictment. True, it is, that the 83d Sec. of Chap. 52 declares that no indictment shall be found without the consent of at least twelve Grand Jurors. This provision of the Statute is merely directory to the Grand Jury, and notwithstanding it does not absolutely require the concurrence of more than twelve of the body, yet it contemplates and presupposes that there are at least sixteen in the-panel, as that is the least number recognized by the law. The Circuit Court therefore decided correctly in sustaining the demurrer to the replication and quashing the indictment. The judgment is consequently affirmed.