## HARSH VS. HANAUER.

The act of limitation of 14th December, 1844, enlarging the limitation of actions on promissory notes from three to five years, though prospective, applies to causes of action thereafter accruing without regard to the inception of the contract if of an anterior date.

Supposing the refusal to grant a continuance is assignable for error, this Court will not overrule the discretion of the judge at the circuit, unless the party excepting has placed upon the record an application coming fully within the statute in such case.

Interrogatories that are suggestive of the answer desired, or assume the matter in dispute, are objectionable: and if they be in relation to a note, it should appear that the original note was before the witness, or a copy of it referred to as an exhibit annexed to his deposition.

Where the question of variance depends upon inspection of the instrument, this Court will not undertake to determine it by a copy, or even a *fac simile*.

*Appeal from Randolph Circuit Court.*

Before Hon. B. H. NEELY, Circuit Judge.

BEVENS, for appellant.

FAIRCHILD, contra.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The appellant, on the 29th of January, 1852, instituted his action of debt against the appellees, upon a promissory note, alleged to have been executed by the firm of M. Hanuer & Sons, composed of M. Hanuer and the appellees, on the 21st of October, 1841, payable five and a half years after date ; to which the defendant, Daniel, pleaded nil debet, payment, the statute of limitation of five years, and the statute of three years; and the defendant, Louis, pleaded nil debet, and also a plea under oath denying the execution of the note. The Court below overruled

a demurrer to the plea of three years limitation; which was erroneous, because the statute of December the 14th, 1844, enlarging the limitation of actions on promissory notes from three to five years, though prospective, applies to causes of action thereafter accruing, without regard to the inception of the contract, if of an anterior date. But this error is immaterial as the action failed on other grounds.

The appellant complains that the Circuit Court refused to grant a continuance upon the application of his attorney. Supposing this to be a matter assignable for error, this Court will not overrule the discretion of the judge at the circuit, unless the party excepting has placed upon the record an application, coming fully within the statute in such case, and especially is the plaintiff held to a strict showing, he having the privilege of going out of Court and commencing a fresh action, which, if brought within a year, saves the bar; while the discretion may be more liberally exercised in favor of the defendant, who, though in fault for not having used strict diligence, is to be concluded by the judgment. The application failed to disclose the name of the witness whose testimony was desired, and the omission is not excused by the neglect of a non-resident client to furnish his attorney with the necessary information. From the guarded phraseology of the affidavit, it may be inferred that the testimony sought to be obtained was either cumulative, or that the object of the application was to retake the testimony of witnesses then on file, and which it was admitted failed to establish, fully, the facts necessary to enable the plaintiff to recover.

At the trial, the Court below excluded the answers to certain interrogatories, in a deposition of a witness offered by the plaintiff, and which were objected to as leading. The 3d is, "Was M. Hanauer, his sons Daniel and Louis Hanauer, doing business together, in 1841, under the style of M. Hanauer & Sons?" Answer, "They were." 4th, "Are Daniel and Louis Hanauer sons of M. Hanauer?" Answer, "They are." 5th, "Did you know anything relative to a note executed by M. Hanauer &

Sons to Philip Harsh, at Cincinnati, Ohio, on the 21st of October, 1841, for three hundred and thirty dollars, payable five and a half years after date? If so, state all you know about it—who did it—and who was considered at that time the sons of M. Hanauer?" To this question the deponent answered, giving a detailed account of the manner in which such a note came to be executed by Daniel Hanauer, in composition of a debt the plaintiff held against the firm, not in itself objectionable; but inasmuch as it does not appear that the original note was before the witness testifying, or a copy of it referred to as an exhibit annexed to his deposition, the interrogatory was objectionable, not only for being suggestive of the answer desired, but because it assumed the very matter in issue. Where witnesses testify orally at the trial, the Court must have a discretion, varied by circumstances, in allowing or forbidding leading questions. But depositions as a substitute for oral testimony, are not to be favored, and the examination being had out of the view and presence of the judge, in order to determine whether questions are leading, he can only look to the scope of the interrogatories, and answers, when the deposition is taken in that form, under a general commission.

The remaining assignment for error is, that the Court below excluded, upon the ground of variance, the original note, upon which the action was founded, when offered in evidence upon the issues between the plaintiff and Daniel Hanauer. Without adducing the note, the plaintiff could not have succeeded as against him upon the plea of nil debet, though his other pleas were by way of confession and avoidance. The variance in question related to the signature. The Court was of opinion, and so decided, upon inspection of the note, that it purported to be signed by a firm of a different name from that described in the declaration. As we have not the original note before us for inspection, and cannot undertake to determine a fact of this nature, by a copy, or even a *fac simile*, which would be in effect referring the question of variance to the clerk making out the transcript, the alleged error, if any, is not examinable on this

record. The presumption is, that if the matter was doubtful or the plaintiff could fairly claim a surprise, the Court would have permitted him to be non-suit, with leave to set it aside on terms, and amend his declaration. Affirmed.