## STILLWELL, EX'R. VS. BADGETT.

A fact relied upon to remove the bar of the statute of limitations must be pleaded specially.

Motions for continuances, to amend pleadings, etc., address themselves to the sound discretion of the court below, and the exercise of such discretion will not be lightly interfered with—but this discretion should be justly not capriciously·exercised: it should be so used as not to cut off a party from the ascertainment of an asserted right.

An answer to a petition for discovery in aid of a trial at law has the same effect in evidence, as an answer to a bill of discovery in equity.

New matter alleged in an answer to a bill for relief as a basis of defence must be supported by proof, but matter responsive to the bill, though put in affirmative form, is to be taken as true until disproved.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

STILLWELL & WOODRUFF, for appellant.

An answer responsive to the bill is evidence for the defendant, but matters averred in avoidance are not.

An answer admitting payment, but averring that it was made on a different account from that charged in the bill, is not responsive so as to be evidence for the defendant.

A retainer of a party as counsel may be inferred from circumstances.

BERTRAND, for the appellee.

A new promise to avoid the plea of the statute of limitations must be specially replied. *Reynold et al. vs. Dunn*, 3 *Eng.* 49.

It is in the discretion of the court to grant or refuse a continuance, and the exercise of that discretion will not be lightly controlled. 19 *Ark.* 96; 3 *Eng.* 119.

The whole answer to a bill for discovery must be read in evidence, or no part. 17 *Ark.* 425.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

This suit having been begun in March, the trial being in the succeeding May, the absent witness named in Fowler's application for a continuance residing in western Texas, so that according to the affidavit for a continuance there had not been time for Fowler to procure his testimony, the application would doubtless have been successfully addressed to the discretion of the court, had not the question been raised of its inadmissibility under the pleadings of Fowler.

The object of the testimony desired was to prove certain items in the set-off of Fowler, of an older date than three years before the set-off was filed, to which Badgett had replied the statute of limitations, and which Fowler had met by a general rejoinder.

And when the court, upon motion of Badgett, had announced that the testimony was not admissible under this general pleading, Fowler asked leave to file a special rejoinder, setting up such new promise and undertaking by Badgett as should make the testimony applicable to the issue. This the court refused, as it did also, the continuance asked for, which make up the complaints of the first bill of exceptions.

We need not decide upon the application for a continuance as disconnected with the state of the pleadings. And in view of that, the whole question presented by the bill of exceptions is an application to be allowed to file a special rejoinder to the statute of limitations pleaded to the set-off.

It is greatly to be desired that the discretionary power of Circuit Courts should be so exercised as to afford parties an opportunity of presenting the facts of a case, and thus ensure a decision upon its merits. It should be a rule with all courts in the exercise of discretion so to use it as not to cut off a party from the ascertainment of an asserted right. When the effect of such a decision will be, on the one hand, to save one party from serious injury, and cannot, on the other hand, burden any party to an extent to be compared with the consequences of an adverse decision, the discretion should be controlled by what will follow its exercise. That is to use discretion discreetly, working no needless wrong and inconvenience, to do which the law abhors.

Yet it is a delicate thing and not to be lightly undertaken for a superior court to interfere with the discretion of a court of original jurisdiction. Acting upon this principle and applying it to the subject of filing additional or amended pleadings, this court has discouraged attempts to induce it to control the decisions of the Circuit Courts. *Pennington vs. Ware*, 16 *Ark.* 121; *Mandel vs. Peet*, 18 *Ark.* 247.

It had been determined by a series of decisions of this court, that a fact relied upon to avoid the operation of the statute of limitations must be specially pleaded, so as to have become the well settled law before the defence of limitation was interposed to Fowler's set-off. *Walker vs. Bank of Mississippi*, 2 *Eng.* 504; *Ringgold vs. Dunn*, 3 *Eng.* 499; *McClellan vs. The State Bank* 7 *Eng.* 143; *State Bank vs. Conway*, 13 *Ark.* 346. And finally in *Ruddell vs. Folsom*, 14 *Ark.* 213, decided in 1853, all the foregoing cases were cited; and it was contended that no such rule of pleading could apply to part payment, as by payment within the bar it never did attach, but the court broadly

and emphatically decided that part payment, like other facts that avoided the effect of time, ought to be specially pleaded. Since that decision, the rule of pleading in this State does not seem to have been seriously questioned, and must be taken to have been sufficiently announced to be understood by the legal profession.

Whether the Circuit Court was influenced solely by the law of these decisions being well known, or by that and other considerations we do not know, but in its discretion it refused Fowler's application to file a special rejoinder, and we cannot reverse the judgment therefor, though we might have been better satisfied with it had the application been granted.

When Badgett responded to Fowler's petition for discovery, that certain payments had been made by Fowler to him, but not on account of the bonds sued on, and that Fowler's servant had worked for him to the amount charged, but that it had been paid for, Fowler could not separate the admission of payment and labor from the statement showing that no allowance should be made for such items in this suit.

By our statute the answer to a petition for discovery is evidence, as an answer to a bill of discovery would be in equity. *Gould's Dig. sec.* 97, *ch.* 133; *Hill vs. Cawthorn,* 15 *Ark.* 31. And an answer to a bill for relief that admitted the charges and at the same time claimed and showed their payment, would be taken as responsive to the bill, and the defendant would be allowed to read the explanations qualifying the admission. 2 *Dan. Ch. Pr.,* (*1st Am. Ed.*) 978. And this whether the qualifications are in the same passage with the admission, or if disconnected in grammatical construction, or separated by the intervention of other subjects. *Bartlett vs. Gillard,* 3 *Russ.* 157; *Reede vs. Whitchurch,* 3 *Sim.* 562; *Nurse vs. Bunn,* 5 *Sim.* 225.

The rule contended for does not apply to answers to bills of discovery, but to answers to bills for relief, wherein the grounds of relief set forth in the bill are admitted, but are avoided by

independent and affirmative matters showing that the relief prayed for ought not to be granted.

When the new matter is mere pleading to found a defence upon, it must be proved; but when responsive to the bill, though affirmative in form, if in effect a denial of the charge in the bill, and directly responsive thereto, it is evidence to be taken as true till disproven, not pleading whose truth is to be established by evidence. *Roberts vs. Totten*, 13 *Ark.* 614, 617; *Wheat vs. Moss*, 16 *Ark.* 251, 252; *Cushman vs. Shepard*, 4 *Barb.* 123, 124.

But in answers to bills of discovery, until an order of court made in 1841, the rule was the same in equity as in law, that the whole answer should be read if offered in evidence. 2 *Dan. Ch. Pr.* 979; *Lady Ormond vs. Hutchinson*, 13 *Ves.* 53.

The rule of the English court adopted in 1841, applying the same rule to reading answers to bills of discovery as to bills of relief, has not been incorporated into our practice.

But upon this statutory remedy, this court has held that to read the answer makes it evidence. *Field vs. Pope*, 5 *Ark.* 71. And in *Turner vs. Miller*, 1 *Eng.* 465, 466, where the petition for, and answer of discovery are given, the answer, although more subject to expurgation than the answer here, was pronounced by the court to be conclusive against the petition. *Ib.* 468.

The court should not have given Badgett's fifth instruction to the jury without the addition, that the appearance and labor of the defendant were circumstances to be considered in finding whether there was an employment or retainer of defendant by plaintiff.

An appearance by an attorney in a case, the preparation of the pleadings by him, are facts to be considered by the jury in determining upon his employment; and an instruction that a retainer must be proved independent of them, was calculated to mislead the jury.

Yet under the pleadings, and under the express direction of the court given in the sixth instruction, the fifth instruction

could operate only on the two twenty-five dollar charges for suit with Spence in the Circuit and Supreme Courts, and we conclude that the jury deducted these amounts from their damages before making up their verdict. For, by computation, we find the damages awarded in the verdict about fifty dollars less than the interest on the bonds from their date to the time of the verdict; and we presume that the damages were not lessened by the twenty dollars paid to Crawford, for Badgett was not connected therewith, nor by the forty dollars paid in the barber's shop, nor by the fifty dollars for the wages of the servant, for those sums rested upon Badgett's answer to the petition for discovery, and were in it denied to be due. Hence, notwithstanding the dangerous tendency of the fifth instruction, it did not injure Fowler.

The other facts noted in the various bills of exceptions are not pressed upon us as causes of reversal; and they would seem to be subject to the objection of not being covered by a pleading sufficiently special to admit them in evidence, or to need to be accompanied by other facts less remote in their bearing upon the case, to make them available for Fowler.

Judgment affirmed.