## PUCKETT *v.* STATE.

Opinion delivered November 29, 1902.

1. CONTINUANCES—DISCRETION OF COURT.—Continuances are largely in the discretion of the court, and that discretion will not be controlled, except in case of manifest abuse. (Page 65.)

2. SAME—ALLEGATION OF DILIGENCE.—An application for a continuance on account of the absence of a material witness which merely states that applicant used due diligence to procure the presence of such witness, without stating what he did, is insufficient. (Page 65.)

3. SEDUCTION—CHARACTER OF PROSECUTRIX—INSTRUCTION.—In a prosecution for seduction, where there was no evidence that previous to the alleged seduction the character of prosecutrix for chastity was not good, an instruction that in every prosecution for seduction the character of the seduced female is involved, and her character is the possession of actual personal chastity, and if she was a lewd woman at the time of the alleged seduction, the jury should acquit defendant, was properly refused. (Page 65.)

4. TRIAL—ARGUMENT OF COUNSEL.—In a prosecution for seduction the attorney for the state told the jury that it ought to convict the boy; that it would be best for his father, for the boy would break him up if something was not done with him; that the father had been admonished about the boy's course, and had done nothing about it. *Held*, not reversible error. (Page 65.)

Appeal from Pope Circuit Court.

WM. L. MOOSE, Judge.

Affirmed.

#### STATEMENT BY THE COURT.

The appellant, Charlie Puckett, was indicted for the crime of seduction, charging that he unlawfully, on the 15th day of June, 1901, did obtain carnal knowledge of Nora Dunn by virtue of a false express promise of marriage to her previously made by said Charlie Puckett.

Appellant filed his motion for a continuance because of the absence of Will Eustice, a witness, who, if present, would testify:

"That he and defendant were confidential friends, and that each knew in a confidential way what the other was doing in the way of keeping company with the two daughters of Mrs. Dunn, Ella and Nora, said witness generally visiting Ella Dunn at the same time defendant visited Nora Dunn, and witness often saw defendant and Nora Dunn hugging and kissing, and otherwise improperly conducting themselves. And witness knows it to be a fact that he and defendant were frequently with said girls at late hours of night, and that the mother of said girls finally objected, and refused to allow witness and defendant to visit said girls at their home, and that thereafter said girls would meet witness and defendant at other places than their home, sometimes at a neighbor's house, a church gathering or some other place, when witness and defendant would take said girls near to their home or some other place after having enjoyed their company until unusually late hours at night; that on one occasion they took said girls to Prairie Grove church, and some sort of literary society was held there that night, which adjourned about ten o'clock, after which defendant and witness went home with said girls, and remained with them until near daylight next morning; that on other occasions they would get with said girls at Russellville when there would be a show, or some other occasion, when said witness often saw defendant and Nora Dunn improperly conducting themselves on these occasions. And said witness, if present, would testify that he knows the character and reputation of said Nora Dunn, and how she is esteemed by those with whom she associated in company prior to the time of her alleged seduction, and that she was not regarded as a chaste woman. Defendant says said evidence is material, and that said witness is not absent by his consent, connivance or procurement; and that he has used due diligence to obtain the attendance of said witness, and that he can have him here in attendance by the next term of this court." The court overruled this motion, and defendant excepted.

Defendant filed another motion for continuance because of the absence of Jim Brown, who would testify that he had knowledge of the fact that the prosecutrix, Nora Dunn, was an unchaste woman prior to her alleged seduction by the defendant. Defendant alleges that he verily believes said facts to be true, and that he has used due diligence, etc., complying with the statute. And the court overrules this motion, and defendant excepts.

The court gave four instructions numbered from one to four.

The court refused to give instruction numbered five asked for by the defendant, and defendant excepted. The following is a copy of this instruction: "You are instructed that in every prosecution for seduction the character of the seduced female is involved; and her character is not her general reputation in the community, but the possession of actual personal chastity; and if you find that she was a lewd woman, or of such easy virtue as to be indifferent about her chastity, prior to the time of her alleged seduction, it will be your duty to acquit the defendant." And the court refused to give said instruction, saying to the jury at the time that her character was not in issue, and the court refused to give any instruction whatever upon character, and the defendant excepted.

R. B. Wilson closed the argument for the state, and used the following as part of his argument:

"You ought to convict this boy. It will be best for him. It will be best for his father, Ped Puckett, for his boy will break him up if something is not done with him. Ped was admonished and warned years ago about the course this boy was leading, and merely turned his head away and laughed." Defendant excepted, and the court admonished Judge Wilson that he was outside the record. Judge Wilson replied that he did not mean to be outside the record, but merely meant to answer what Judge Davis, one of counsel for defendant, had said in his argument in reference to Ped Puckett, the father of defendant.

Defendant was returned guilty, and his punishment fixed at one year in the state penitentiary. The bill of exceptions alleges twelve grounds for reversal.

*J. T. Bullock* and *R. L. Lawrence,* for appellant.

It was error to refuse appellant a continuance. 40 Ark. 486. The character of the prosecutrix was involved. 153 N. Y. 97; 49 Ia. 531; 31 Am. Rep. 155; 26 N. Y. 203; 8 Barb. 603, 608. There was not evidence to sustain the verdict. 29 Tex. App. 454; 63 Ia. 268; 64 Mich. 693; 11 Mich. 278; Bish. Stat. Cr. (2d Ed.) 638; 58 Ga. 238; 88 Mo. 88; 97 Mo. 668.

*Geo. W. Murphy, Attorney General,* for appellee.

Defendant's motion for continuance did not conform to the statute. Sand. & H. Dig. § 5797; 30 Ark. 362. The presumption of chastity accompanies the prosecutrix. 40 Ark. 487.

HUGHES, J. (after stating the facts). Continuances are largely in the discretion of the court, and that discretion will not be controlled, unless there is a manifest abuse of it. *Burriss* v. *Wise,* 2 Ark. 33; *Stillwell* v. *Badgett,* 22 Ark. 164; *Edmonds* v. *State,* 34 Ark. 720; *Thompson* v. *State,* 26 Ark. 323.

In this case the appellant in his application has shown no diligence to obtain the presence of his witnesses. He merely states in his application that he had used due diligence, which was not sufficient. He should have stated what he had done, and it was with the court to determine whether it was due diligence or not. *Winter* v. *Bandel,* 30 Ark. 366; *Harsh* v. *Hanauer,* 15 Ark. 252.

There was no error in overruling his motion for continuance.

As to the fifth instruction asked by the appellant, there was no error in refusing it, for the reason that there was no evidence tending to show that, previous to her seduction by the appellant, her character for chastity was not good. The instruction asked was abstract, and was properly refused.

We do not think there is any reversible error in the remarks made by R. B. Wilson, counsel for the state, in his closing argument to the jury.

Finding no error, the judgment is affirmed.