## McABEE v. WILEY.

### Opinion delivered November 8, 1909.

1. LIMITATION OF ACTIONS—PAYMENTS.—Payments indorsed on a note which were admitted by the debtor to be correct, or were impliedly assented to by him, are sufficient to stop the running of the statute of limitations. (Page 247.)

2. SAME—PAYMENT BY AGENT.—Part payment made by an agent of the debtor suspends the running of the statute of limitations as effectually as if made by the debtor himself. (Page 247.)

3. APPEAL AND ERROR—PRESUMPTION.—Where the instructions given by the trial court were not abstracted, it will be presumed that they were correct. (Page 247.)

Appeal from Sharp Circuit Court, Northern District; *J. W. Meeks,* Judge; affirmed.

*Geo. L. Green* and *Sam H. Davidson,* for appellant.

When the statute of limitations is pleaded, the burden of proof is on plaintiff to show that the partial payment indorsed on the contract sued on was made before the statute bar attached. 70 Ark. 598; 69 Ark. 311; Wood on Lim. (3 Ed.), § 116. And such proof must be made *aliunde* before the indorsement can be put in evidence. 9 Ark. 455.

*David L. King,* for appellee.

Circumstances from which the payment may be presumed are enough, in the absence of a rebuttal of the presumption. 18 Ark. 522; 44 Ark. 534. When material evidence of one party is not contradicted by the other, it must be presumed to be true. An act done for another by a person not assuming to act for himself, but for such other person, though without precedent authority, becomes the act of the principal, when ratified by him. Clark on Cont. p. 720; 6

Man. & G. 236; 75 Va. 178. The acts of an unauthorized agent may be ratified by conduct. 23 Vt. 564; 99 N. Y. 309; 50 Ark. 458; 69 Pa. St. 426; Whart. on Agency, § 86. Where a person acquiesces in the act of an authorized agent for two years without objection, he will be held to have ratified it. 66 Ark. 206; 67 Ark. 236.

Frauenthal, J. This was an action instituted by Wm. Wiley, the plaintiff below, against H. D. McAbee, the defendant below, for the recovery of the amount due upon a note. The defendant pleaded the statute of limitation against a recovery. The note sued on was for $33, with interest from date until paid, dated November 15, 1893, and payable one day after date. Upon the note were the following indorsements: "H. D. McAbee. Note $33.05." "Recd. on the within note $6.50 dollars, it being for 22 gallons of sorghum molasses. Nov. the first, 1908."

"Recd. on the within note 4 dollars, it being for 8 bus. turnips, Sept. 30, 1902."

"Recd. on the within note $1.50 dollars May 10, 1904, by R. C. Meade." ."S. J. Walker, 4, 2, 1908, without recourse."

"Amount due Apr. 15, 1907, $49.00."

The suit was instituted on September 28, 1908. The defendant admitted the execution of the note, but denied that he had made the payment of $1.50 on May 10, 1904, as indorsed on the note, or that he authorized any one to make said payment. He did not deny any of the other payments which are indorsed· upon the note.

A witness on the part of the plaintiff testified that in 1906 he presented the note to the defendant for payment, and that at that time all of the above indorsements of payments were upon the note; "that the defendant took the note, and read all the credits on it. When he read them over, he said they were all right," and further said he could not pay the note just then. Another witness testified that he presented the note to the defendant in 1906 or 1907, and that all of the above credits were then indorsed upon the note. "I read them all over to Mr. McAbee, and he said they were all right, except that he ought to have more credits for some turnips that was not on it."

The issue was passed upon by a jury, which returned a verdict in favor of the plaintiff.

It is contended by counsel for the defendant that when the statute of limitation is pleaded the burden of proof is upon the plaintiff to show that payment was made before the statute bar attached, and that the testimony does not show when the last indorsement of payment was made upon the note. The proof of a payment on indebtedness and of the indorsement of same upon the written evidence of that indebtedness may be made in the same manner as the proof of any other fact. It may be made directly, or by circumstances, or by the admissions of the defendant. It is actually the fact of the payment that tolls the statute, and not the indorsement; the indorsement is only a memorandum, or at most an evidence, of such payment; and there can be no stronger proof of such payment than the admission of the defendant himself, who at the trial is then the only person controverting it. 25 Cyc. 1374.

And the indorsements of payments admitted by the debtor himself or assented to by him, even impliedly, will toll the statute. 25 Cyc. 1377; *State Bank* v. *Woody,* 10 Ark. 638; *Wood* v. *Wylds,* 11 Ark. 754; *Ruddell* v. *Folsom,* 14 Ark. 213.

In the case of *Wilson* v. *Pryor,* 44 Ark. 535, Judge COCK-RILL, in delivering the opinion of the court, said: "In this case the indorsement was made with the express consent of the debtor, and his admission that the payment had been actually made was proved. These were matters for the consideration of a jury, and the court, acting in that capacity, was certainly warranted in the inference that the payment was actually made."

A payment made by an agent is as effectual to suspend the statute as when made by the party himself. 25 Cyc. 1384.

In the case at bar it was peculiarly a question of fact for a jury to determine as to whether the payments were made and as to whether they were made as of the dates of the indorsements. That could be proved by the admissions of the debtor. There was testimony tending to prove that the defendant saw these indorsements on the note with their dates, and actually read them himself; and, after having thus read them, he admitted their correctness and assented to their actual indorsement on the note. There was therefore sufficient evidence to sustain the verdict of the jury. The defendant does not claim that any

error was committed by the court in the giving or refusing to give instructions. In fact, he does not abstract or refer to them. The presumption is that the court fully and correctly instructed the jury on the issues involved in this case.

. Judgment affirmed.