SUTTERFIELD *v.* SMITH.

4-8966 223 S. W. 2d 1018

Opinion delivered November 7, 1949.

---

[1] See *Murphy* v. *Osborne*, 211 Ark. 319, 200 S. W. 2d 517.

*John B. Driver* and *Ben B. Williamson,* for appellant.

*Chas. F. Cole,* for appellee.

HOLT, J. Appellee, C. L. Smith, sued appellants, two of four joint makers of a promissory note. One of the makers is now deceased and another is living in another State. The note was executed November 16, 1931, in the amount of $195 and was due one year from its date with 10% interest. Four credits appear on the back of the note, aggregating $64.65. There was a $1.00 credit October 15, 1938, and another credit of $1.00 October 1, 1943, which was the last.

This suit was begun October 27, 1947. Appellants specifically pleaded, and defended primarily on the ground that the note was barred by the 5 year Statute of Limitation (Ark. Stats. (1947), § 37-209) at the time of the institution of the suit, and this presents the controlling and decisive question here.

It appears undisputed that each of the $1.00 payments, *supra,* was made by a third party, J. W. Green, to the owner of the note, appellee, Smith. Green testified positively that these two payments were made by him to Smith out of his own pocket and that "I don't know whether they (meaning appellants) knew it or not" and "I paid it to Mr. Smith. I don't know whether or not he knew where it came from." Both appellants, Garland Sutterfield and W. E. Sutterfield, testified positively that they did not authorize, and knew nothing about, these two $1.00 payments.

W. E. Sutterfield testified relative to the $1.00 payment on October 15, 1938: "No, sir; I never did know it was made; no such payment," and further "Q. On October 1st, 1943, did you pay J. W. Green the sum of One Dollar on that note? A. No, sir. Q. Did you know it was ever paid? A. No, sir; I never did know it was made; no such payment."

Garland Sutterfield testified: "Q. Did you give this money on October 15, 1938, One Dollar, and one on October 1, 1943, One Dollar, if you paid either one of these

dollars on the note? A. No, sir. Q. Did you authorize anybody to pay it for you? A. No, sir; I did not. Q. Did you know that these two dollars had been made on the note? Credited on the note? A. No, sir; I did not.''

There was evidence that Green had been agreed upon by the parties to deliver to appellee, Smith, any payments to be made on the note from appellants to appellee and that the first and second payments credited on the note were paid to Smith by appellants in this manner. As indicated, we find no evidence in this record that either of the $1.00 payments was made with the knowledge or consent of either of appellants, or of any one of the joint makers of the note, nor is there any evidence that any of the joint makers assented to these credits, or ratified the last credit mentioned above, or in fact either of the $1.00 credits. On the evidence presented, Green was at most a special agent to deliver any payments which appellants desired to make to appellee, Smith. Green was not obligated on the note. In the circumstances, the two $1.00 payments which he voluntarily made from his own funds, without the knowledge, consent or acquiescence of any one of the joint makers of the note would not be binding on appellants.

The case of *McAbee* v. *Wiley*, 92 Ark. 245, 122 S. W. 623, strongly relied upon by appellee, is clearly distinguishable. In the present case, the facts are essentially different. As was pointed out in the opinion in the *McAbee* v. *Wiley* case: ''There was testimony tending to prove that the defendant saw the indorsements on the note with their dates, and actually read them himself; and, after having thus read them, he admitted their correctness and assented to their actual indorsement on the note. There was therefore sufficient evidence to sustain the verdict of the jury.'' We find no such evidence in the present case.

Having reached the conclusion that there was no substantial evidence that warranted the jury's verdict, and judgment based thereon, we hold that the trial court erred in refusing appellants' request for a directed verdict in their favor at the close of all the testimony.

Accordingly, the judgment is reversed and the cause dismissed.