## HOLCOMB VS. THE STATE

CRIMINAL PRACTICE:
  The record, in an indictment for felony, must show that the grand jury returned the indictment into court.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*J. D. Walker*, for appellant.

*Attorney General Hughes, contra.*

ENGLISH, CH. J.:

In November, 1876, Mary Holcomb was tried in the Circuit Court of Washington County, on a charge of murdering George Holcomb, her husband; a verdict rendered against her for murder in the first degree; motion for a new trial overruled; sentenced to suffer the death penalty, and an appeal granted to her by one of the judges of this court.

We have but little to say about the evidence as set out in the bill of exceptions. Whether the prisoner, a feeble old woman, killed her husband, without any apparent motive, with a hammer; or, as stated by her, two robbers came, in the night, to the cabin, of which she and her husband were the only occupants, and murdered him with clubs, for the paltry sum of $17, which the husband and wife had then recently earned by picking cotton, the evidence leaves in doubt.

It appears from affidavits of some of the jurors filed in support of the motion for a new trial, that the jury hesitated to return a verdict of guilty upon the evidence before them. When they first retired, it seems, they resorted to balloting, which repeatedly resulted in six votes for conviction, four for acquittal and two blank. Finding this an ineffectual mode of reaching unanimity, they went to debating the matter among themselves, and finally agreed to return a verdict of guilty.

There were affidavits also conducing to show that one of the jurors had expressed an opinion, before he was taken upon the panel, that the old woman ought to be hung, though upon his *voir dire* he stated that he had not formed or expressed any opinion as to her guilt or innocence. But there were counter affidavits, tending to show that he was joking when he expressed the opinion imputed to him.

Whether the evidence was sufficient to warrant the verdict returned by the jury, we need express no opinion.

The clerk has certified the transcript before us to "contain a full, complete and perfect transcript of the record and proceedings in the cause," etc., and yet it no where appears in the transcript that the indictment upon which the appellant was tried was returned into court by the grand jury.

There is an entry as follows: "Be it remembered, that on the 20th day of April, 1876, the following indictment was filed, which is, in words and figures, to-wit:" Then follows the indictment, which is endorsed thus: Filed in open court, April 20th, 1876.                                      Jo. HOLCOMB, Clerk.

But it in no way appears that the indictment was delivered in court by the grand jury, or that any indictment was returned into court by them; or that they were in court for any purpose during the term at which the indictment purports to have been found.

This is a fatal defect in a record involving life or liberty, as decided in *Green* v. *The State*, 19 Ark., 178, where the point was fully discussed.

For this error, the judgment of the court below must be reversed, and the cause remanded, with instructions to the court to arrest the judgment, set aside the verdict, and for further proceedings, in accordance with law, etc.

The mode of proceedings in such case is sufficiently indicated in *Green* v. *The State*.