State of Arkansas vs. Johnson.

---

## State of Arkansas vs. Johnson.

Indictment: *Endorsemnnt of the names of witnesses on.*

The omission to endorse the names of witnesses examined before the Grand Jury, on an indictment at the time it is found, is no cause for quashing the indictment.

State of Arkansas vs. Johnson.

APPEAL from *Jefferson* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Henderson, Attorney General, Met. L. Jones* and *Thos. B. Martin,* for appellant.

ENGLISH CH. J.:

Anthony Johnson was indicted in the Circuit Court of Jefferson County for a misdemeanor (extortion) in the office of Constable. He moved to set aside the indictment because the names of the witnesses who were examined before the Grand Jury were not written at the foot of, or on the indictment, as required by the Statute. The Court sustained the motion, and the State appealed.

The practice in England was to endorse the names of the witnesses intended to be examined before the Grand Jury, upon the bill when it was prepared, and the witnesses so endorsed were sworn in open court, and the bill, with the names of the witnesses upon it, was sent to the Grand Jury, and the witnesses were called before them, and examined. 1 Arch. Cr. Pr. and Pl., 98.

Here, the foreman is empowered to administer oaths to witnesses appearing before the Grand Jury (Gantt's Digest, Sec. 1758) and when the indictment is found, the names of all witnesses who were examined must be written at the foot of, or on the indictment. Ib., Sec. 1778.

In our practice the putting of the names of the witnesses who were examined before the Grand Jury on the indictment, serves several useful purposes: It furnishes information to the Clerk in issuing subpoenas for the State; to the Prosecuting Attorney in calling witnesses at the trial, and it advises the accused of the names of the witnesses upon whose testimony the indictment was found, which may be important to him in preparing for trial.

The statute should not, therefore, be disregarded, but should be complied with.

But the names of the witnesses are not part of the indictment, and it has been held in Iowa that they are not part of the record, and need not be transcribed in making out a transcript of the record for the Supreme Court on writ of error. *Harriman* v. *The State*, 2 Green, 284.

Mr. Wharton says: "The practice is for the Attorney General (in Penn.) or, in Englrnd, the Clerk of the Assizes, to mark on the back of each bill the witnesses belonging to it; though it has been held that the omission is not fatal. 1 Wharton, American, Cr. L., Sec. 478.

Our opinion is, that the failure to put the names of the witnesses examined before the Grand Jury upon the indictment at the time it is found, is not cause for setting aside or quashing the indictment. But as it may be important for defendant, in preparing for trial, to know the names of the witnesses on whose testimony the indictment was found, the court should, on his application, require a list of the witnesses to be furnished him.

See *Commonwealth* v. *Knapp*, 9 Pickering, 497.

The judgment is reversed, and the cause remanded with instructions to the court below, to require the appellee to plead to the indictment, etc.