CLAMPETT *v.* STATE.

Opinion delivered October 11, 1909.

CONTINUANCE—ABSENCE OF WITNESS.—Where one accused of a felony handed the clerk the name of a witness with the address "Smackover," a town in another county, and the clerk handed the subpoena for such witness to a deputy sheriff, who mailed it to "Officer at Smackover," and nothing further was ever heard of the writ, it was not an abuse of the court's discretion to refuse a continuance on account of the absence of such witness.

Appeal from Cross Circuit Court; *Frank Smith,* Judge; affirmed.

*Smith & Smith,* for appellant.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

McCULLOCH, C. J. Appellant, Lee Clampett, stands convicted of the crime of obtaining property under false pretenses, the charge being that he obtained from the agent of the railway company at Cherry Valley, in Cross County, Arkansas, upon the false and fraudulent representation that he was then the holder of a bill of lading therefor, a lot of personal property which had been consigned to the Merry Machine Works. The evidence establishes the fact that appellant had ordered from the last-named concern at Memphis, Tenn., the property in question (a lot of machinery and appliances for a sawmill), which was shipped from Memphis to Cherry Valley, Arkansas, to the order of the shipper, and the latter sent the bill of lading, attached to a draft on appellant for the purchase price of the property, to a bank at Cherry Valley, to be delivered to appellant on payment of the draft. Appellant paid the freight charges and received the property from the agent of the railway company, and hauled it to the mill without paying the draft and without procuring the bill of lading and surrendering it to the agent of the railway company. He has never paid for the goods at all.

The railway agent testified that appellant represented that he held the bill of lading, and that the consignment of freight was delivered to him on the faith of such representation. Appellant denied that he made any such representation; his contention being that he was not aware of the property having

been consigned to the shipper's order. This was the issue involved in the trial of the case. The evidence was conflicting, but the jury has settled the issue by the verdict.

Appellant relies for a reversal of the case on the alleged error of the court in overruling his motion for continuance of the case to the next term, in order to procure the attendance of an absent witness, Tom Stevens by name. He set forth in his motion what he alleged to be the testimony of the absent witness, and the court, in overruling the motion, required of the prosecuting attorney an admission before the jury that the witness would give the testimony thus set forth. This was read to the jury as the testimony of the absent witness.

The court, in passing on the motion for continuance, heard testimony as to the diligence of the appellant and his attorney in attempting to procure the attendance of the absent witness. It appears from said testimony that the only thing done by appellant or his attorney was to hand to the clerk, four or five days before the trial, a list of his witnesses containing the name of this witness, with the word "Smackover" written opposite, indicating his residence to be at that place. Smackover is a railroad station in Union County, and the clerk issued a subpoena directed to the sheriff of that county, and delivered the same to a deputy sheriff of Cross County; the last-named officer mailed the subpoena in an envelope directed to "Officer at Smackover." The writ was never returned, and nothing was ever heard of it. The deputy sheriff stated that he was informed by Tom Stevens's father, who resided at Cherry Valley, that the witness resided at Smackover.

This court has repeatedly held that the matter of postponement of trials is left to a considerable extent to the discretion of trial judges. This must necessarily be so, as the trial judge who hears such motion is in a much better position than the appellate court to determine whether or not the motion is made in good faith and whether an honest, diligent effort has been made to prepare for trial. It is only when it appears that there has been an abuse of discretion by the trial judge that the appellate court will disturb such ruling.

Now, in the present instance we cannot say that the trial court abused its discretion in refusing to postpone the trial of

the case. Proper care had not been exercised by the appellant or his attorney in sending the subpoena to an officer who would serve it promptly. The Cross County deputy sheriff was blamable for not sending it to the proper officer of Union County; but appellant was not free from blame, as it does not appear that he took pains to give directions for forwarding the writ. He should not have relied on the officer entirely without specific directions to send it properly in order to get it served in time. However honest, intelligent and well-meaning public officers may be, they are often without the experience which suggests to them the best course to pursue in obtaining the speedy service of process; and a proper degree of diligence on the part of those interested in the service requires that they give directions, under circumstances similar to those shown to exist in this instance. Courts must hold litigants to a strict degree of care and diligence in preparing for trial. Otherwise the orderly dispatch of business of the court would be hindered.

This subpoena should have been sent to the sheriff of Union County, to whom it was directed, with information as to where the witness could be found in his county. If this had been done, doubtless the writ would have been served, and the witness present when the case was called. The only disputed point in the testimony of the absent witness is that appellant, some time after he obtained the property from the agent of the railway company (Miss McLin), offered to return it to her. He was of course entitled to prove this as tending to show good faith and a lack of criminal intent on his part. It was proved by undisputed evidence, however, that after Miss McLin ceased to be the agent of the company at Cherry Valley, and was succeeded by Stevens, appellant offered to return the property to the latter as such agent on condition that the freight charges which he had paid be refunded to him.

Upon the whole we are of the opinion that appellant was accorded a fair trial, and was convicted upon sufficient evidence. So the judgment is affirmed.