SHINN *v.* STATE.

Opinion delivered January 3, 1910.

1. CONTINUANCES—ABSENT WITNESS.—Error cannot be assigned in the overruling of a motion for continuance on account of the absence of a witness if the motion fails to state where the witness resides or what is expected to be proved by him. (Page 292.)

2.   CRIMINAL LAW—RETURN OF INDICTMENT.—The objection that the record in a criminal case does not show that the indictment was returned into court by the grand jury cannot be raised on appeal for the first time.   (Page 293.)

Appeal from Madison Circuit Court; *Joseph S. Maples,* Judge; affirmed.

*J. P. Fancher,* for appellant.

1.   Appellant having had process issued for the attendance of his witnesses, and used due diligence to procure the same, it was error to overrule his motion for a continuance.   60 Ark. 564; 62 Ark. 286; 71 Ark. 180.

2.   There is no evidence in the record to show that the indictment was returned in open court by the grand jury.   The clerk's indorsement, "Filed in open court," etc., is not sufficient to establish that fact.   19 Ark. 178; 33 Ark. 815; 31 Ark. 427; 54 Ark. 489; 22 Cyc. 210, 212.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* assistant, for appellee.

1.   The motion for continuance was properly overruled.   It names no witness who will testify to any given state of facts; does not show that Barnes was within the jurisdiction of the court, or would be at a succeeding term; and no diligence is shown.   Mere allegation of diligence is not sufficient.   It must be proved.   71 Ark. 62; 74 Ark. 444; 19 Ark. 590; 22 Ark. 164; 34 Ark. 720; 40 Ark. 114.

2.   There is evidence in the record from which it may be determined that the indictment was returned in open court in the manner provided by law; but, if not, the record could have been corrected, or the indictment set aside, on motion in the lower court, and appellant will not be heard to complain for the first time here of that omission.   Kirby's Dig. § § 2279, 1233; 19 Ark. 186; 54 Ark. 492; 28 Ark. 411; 33 Ark. 183; 40 Ark. 488; 52 Ark. 275; 73 Ark. 32; 12 Ark. 630; 13 Ark. 96; 29 Ark. 165; 42 Ark. 44; 84 Ark. 136; 68 Ark. 75.

WOOD, J.   The appellant was convicted of the crime of libel. The indictment charged that appellant, being the publisher of a newspaper, "unlawfully, maliciously and falsely did publish as true the following false, libelous and defamatory article in words as follows:

"We notice that the boodler, Claude Fuller, of Eureka Springs, is bobbing up again as a prospective candidate for the Arkansas Legislature. No doubt, Claudie would like to work his graft on the people again, but the voters of Madison and Carroll counties are 'onto' his game, and will vote for him to remain at home and work his rabbit's foot on Eureka."

The allegations further were that "said article as published aforesaid by the said E. F. Shinn, publisher as aforesaid, of and concerning the said Claude Fuller, as aforesaid, calling him by the name "the boodler," and by stating that "no doubt, Claudie would like to work his graft on the people again," and thereby charging him with being a boodler and grafting, is false and defamatory and libelous on the said Claude Fuller, and impeaches the honesty, veracity and reputation of said Claude Fuller, and thereby exposes him to public hatred, contempt and ridicule, against the peace and dignity of the State of Arkansas."

The indictment was signed D. B. Horsley, prosecuting attorney, Fourth Judicial Circuit of Arkansas, and was indorsed: "No. 3, Libel, State of Arkansas v. E. F. Shinn, a true bill, R. E. L. Graham, foreman of the grand jury. Filed in open court this the 8th day of September, A. D. 1909. S. G. Parsley, Clerk."

Appellant in a motion for continuance sets up substantially that if the cause was continued he would be able to procure the attendance of witnesses at the next term of the court who would furnish evidence of the truth of some or all of the charges made by him against Fuller in his paper, but he names only one witness whose attendance he expected to procure, towit, one C. M. Barnes. The motion, however, does not set up the particular facts that he expected Barnes to establish. The motion states that "he can prove by Barnes the truthfulness of some of the charges." The motion states that appellant "thought that Barnes resided at Eureka Springs, Ark.," and that appellant had a subpoena issued directed to the sheriff of Carroll County, but that such subpoena had been returned not served, for the reason that Barnes was not to be found in Carroll County. The motion does not allege where Barnes resided, does not show that he was within the jurisdiction of the court. Appellant's motion was not sufficient to warrant a continuance on account of the absence of

the witness Barnes. He may have been a non-resident, for aught
the motion reveals to the contrary. It was not enough for ap-
pellant to allege due diligence. He should have stated the facts,
and have left the court to conclude whether he was diligent. He
should have given the names of his witnesses, alleged the specific
facts he expected to prove by them, and shown where they re-
sided, so that the court might see whether their attendance was
necessary, and whether it was possible to procure same by the
next term. Error cannot be predicated upon the overruling of a ·
motion that was so indefinite as the one under consideration.
*Puckett* v. *State,* 71 Ark. 62; *Allison* v. *State,* 74 Ark. 444;
*Clampett* v. *State,* 91 Ark. 567.

The court did not abuse its discretion in overruling the mo-
tion for continuance. *Golden* v. *State,* 19 Ark. 590; *Stillwell* v.
*Badgett,* 22 Ark. 164; *Edmonds* v. *State,* 34 Ark. 720; *Watts* v.
*Cohn,* 40 Ark. 114.

The record does not show, in specific terms, that the indict-
ment was returned or brought into court by the grand jury.
It is essential, of course, to the jurisdiction of the court that the
grand jury should return the indictment into court, and the record
is the only memorandum of that fact. Therefore, where the ob-
jection is seasonably made, if the fact does not exist, or if the
record fails to show such fact, a conviction cannot be sustained;
and the indorsement, "Filed in open court this the 8th day of
September, A. D. 1909," is not sufficient to show the return into
court by the grand jury. *Green* v. *State,* 19 Ark. 178; *McKenzie*
v. *State,* 24 Ark. 637; *Chancellor* v. *State,* 33 Ark. 815; *Holcomb*
v. *State,* 31 Ark. 427; *Felker* v. *State,* 54 Ark. 492.

But it must be remembered that it is the fact itself of the
return of the indictment by the grand jury that gives the court
jurisdiction, and not the recording of such fact by the clerk. If
the grand jury presents the indictment, the court has jurisdiction,
whether the clerk records the fact or not. Therefore where ap-
pellant's objection goes only to the failure of the clerk to preserve
the memorial (and not to the failure of the grand jury to return
the indictment), in order to avail himself of such objection he
must first move the trial court to set aside the indictment because
of the failure of the clerk to preserve the evidence of its return
into court by the grand jury. The statute provides "that an in-

dictment, not found and presented as required by law, can be set aside on motion." Sec. 2279, Kirby's Digest. It also provides that: "A judgment or final order shall not be reversed for an error which can be corrected on motion in the inferior courts until such motion has been made there and overruled." Sec. 1233, Kirby's Digest. "Defects of this kind," says the court in *State* v. *Brandon,* 28 Ark. 411, "can only be reached on a motion to set aside the indictment, which motion should be made before filing a demurrer." And in *Robinson* v. *State,* 33 Ark. 182, in passing upon a similar question, we said: "Had the attention of the court below been directed to the form of entry by a motion to set aside or quash the indictment, or by motion in arrest of judgment, no doubt the court would have ordered the informality to be cured by a *nunc pro tunc* entry." See also *Felker* v. *State,* 54 Ark. 492, where it is held that the proper practice in such cases by those who would question the genuineness of the indictment is to move the trial court to set it aside.

Appellant does not contend that the grand jury did not actually return the indictment against him into court. His only objection is that the record of the circuit court fails to register the fact. Had he made such objection to the trial court, doubtless such record would have been readily furnished. Having failed to make it there, he must be held to have waived it. He must not be permitted to raise it here for the first time. See *Fenalty* v. *State,* 12 Ark. 630; *Brown* v. *State,* 13 Ark. 96; *Dixon* v. *State,* 29 Ark. 165; *State* v. *Johnson,* 33 Ark. 174; *Wright* v. *State,* 42 Ark. 94; *State* v. *Agnew,* 52 Ark. 275; *McFall* v. *State,* 73 Ark. 327; *Carpenter* v. *State,* 62 Ark. 286; *Mears* v. *State,* 84 Ark. 136.

The facts set forth in a statement agreed upon by the State and the appellant, and in the other evidence, were sufficient here to sustain the verdict of the jury. No specific objection was saved at the trial to any of the court's declarations of law. The assignment of error in the motion for new trial as to the giving of instructions is general. We find no reversible error in the charge of the court. The judgment must therefore be affirmed.