## PATTERSON *v.* STATE.

### Opinion delivered October 20, 1919.

1. CRIMINAL LAW — INDICTMENT — RETURN INTO COURT. — An indictment *held* to be properly returned into court, when the record expressly shows that the grand jury came into court in a body and returned an indictment numbered 11, the indictment in question bearing that number.

2. LIQUOR—PROOF OF MANUFACTURE—CONFESSION.—Defendant was accused of the manufacture of intoxicating liquor. She confessed the crime on two occasions. Under the other testimony the jury was warranted in finding that some one had made "choc" beer at defendant's house, and that the same was intoxicating. *Held*, the evidence was sufficient to sustain a conviction.

3. LIQUOR—MANUFACTURE—PROOF OF PURCHASE.—It was proper for two witnesses to testify that they bought "choc" beer from a man who came out of defendant's house, a short time before she was arrested, and that the same was intoxicating.

4. SAME—SAME—INSTRUCTION.—When defendant was accused of the illegal manufacture of liquor, the jury may, in considering her guilt, take account of the fact that defendant had in her possession malt, grain, or other materials out of which alcoholic liquors may be manufactured.

5. LIQUOR—ILLEGAL MANUFACTURE—"MANUFACTURE" DEFINED.—In a prosecution for the illegal manufacture of liquors the following instruction held correct:

"By 'to manufacture' alcoholic liquors means to convert the raw materials out of which alcoholic liquors can be made into alcohol."

*Held,* where the testimony showed that alcoholic liquors could be made out of the mash found in defendant's house, that if she actually made a preparation containing alcohol out of it she was guilty under the statute. (Section 2, Act 30, Acts 1915, page 98.)

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Sam R. Chew,* for appellant.

1. The indictment was not found and returned into court by the grand jury. Gould's Digest, chap. 52, § 87; 33 Ark. 180; 93 *Id.* 290.

2. The evidence does not sustain the verdict. There is no proof that defendant manufactured or brewed liquors of any kind. Outside of appellant's admission that she made the *stuff* found in her residence, there was no evidence of the *corpus delicti.*

3. The court erred in admitting the testimony of Ruth Harris Thompson and Wallace that Wallace and Thompson had bought a bottle or package of liquor called choc beer. Appellant was not present when the sale was made. The testimony was not competent and was prejudicial.

4. The court erred also in examining the witnesses That was the business of the State's attorney.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. The endorsement on the indictment shows that it was returned into court in the presence of the grand jury and was marked filed by the clerk. 37 Ark. 238; 93 *Id.* 290.

2. The *corpus delicti* was proved sufficiently and that it was alcohol liquor. 111 Ark. 457. All the circumstances as well as defendant's confession shows that de-

fendant made this *choc beer* contrary to the laws of Arkansas in Crawford County, Arkansas.

3. There was no error in admitting the testimony of the sale of liquor by Harvey Davis and that it was intoxicating.

4. The indictment does not charge two offenses; only one was charged in the two counts. The case in 135 Ark. 243 was disapproved of in *Harris* v. *State, ante* p. 46.

5. Appellant's instruction No. 1 was properly modified by the court and on the whole case the judgment is right and should be affirmed.

HART, J. Geraldine Patterson prosecutes this appeal to reverse a judgment of conviction against her for manufacturing intoxicating liquors or a compound or preparation thereof commonly called "choc" beer, contrary to the statute.

(1) The first assignment of error is that the record does not show that the indictment was returned into court by the grand jury, and for that reason the conviction can not be sustained.

The indictment has endorsed on the back the following: "No. 11, State of Arkansas v. Geraldine Patterson. A true bill. S. W. Haley, foreman, indictment for manufacturing liquor. Witnesses, Ruth Hart, Dick Wallace, Jim Thompson, D. W. Moore, L. D. Buel, Rich Henry, Otto V. Martin. Filed July 11, 1919, by Wallace Oliver, Clerk." The words, "Filed July 11th, 1919, Wallace Oliver, Clerk," were stamped on the back of the indictment in purple ink with a rubber stamp. The record also contains the following:

"July 11, 1919. In the matter of the grand jury. The grand jury comes into court in a body and files in open court indictments Nos. 6 to 12, inclusive, and, having no further business, retire to consider their further duties."

The record in the present case is different from that in *Shinn* v. *State,* 93 Ark. 290, relied upon by counsel for the defendant. There the only showing made by the rec-

ord was the words, "Filed in open court this 8th day of September, 1909," and the court held that this was not sufficient to show the return into court by the grand jury. Here the record expressly shows that the grand jury came into court in a body and returned an indictment numbered 11. The indictment in question bears that number, and this is a sufficient showing that the grand jury returned the indictment into court. *Fitzpatrick* v. *State,* 37 Ark. 238. It follows that this assignment of error is not well taken.

(2) The next assignment of error is that the evidence is not sufficient to support the verdict. In making this contention, counsel rely upon the rule laid down in *Greenwood* v. *State,* 107 Ark. 568, and many other cases, to the effect that under our statute, to warrant a conviction upon a confession not made in open court, there must be independent evidence to show that the offense was actually committed by some one.

In the present case the defendant confessed to the deputy sheriff who arrested her, that she had manufactured a preparation called "choc" beer which was found in a keg in her house at Van Buren, Arkansas. She also admitted to another witness that she had manufactured the "choc" beer, and said that she had made it for her own use. There was other proof which, if believed by the jury, showed that the beer was manufactured in the house of the defendant in Van Buren, Arkansas. The liquid was found in a keg, and a chemist, who made an examination of it, testified that the keg smelled like it contained fermented liquor. Some grain mashed up in a sack was also found in her house, which was shown to the chemist. He said that this grain seemed to have passed through a state of fermentation, or at least it had been cooked and would, when placed with yeast in water, ferment and produce alcohol. Other witnesses testified that choc beer was intoxicating.

The defendant lived in a small house in the city of Van Buren. The grain which was found in her house had mold in it, and all that was necessary to cause fer-

mentation was to add water and yeast. This testimony was sufficient to warrant the jury in finding that some one made choc beer at the defendant's house and that it was an intoxicating liquor. The defendant admitted that she had made it, and the testimony was amply sufficient to warrant the jury in finding her guilty.

(3) Two witnesses were permitted to testify that they had bought some choc beer from a negro man who came out of the defendant's house with it. This was a short time before the defendant was arrested and while the keg of choc beer was in her house. These witnesses testified that the choc beer which was brought out of there was intoxicating. The testimony was competent as tending to show that choc beer was intoxicating, and it might also be considered by the jury as a circumstance tending to show that choc beer was made by some one in the house of the defendant.

(4) The next assignment of error is that the court erred in modifying instruction No. 1, asked for by the defendant. The instruction as asked by the defendant, is as follows:

"The fact, if it is a fact, that the defendant had in her possession malt or other material, out of which alcoholic spirits, or liquors, could be manufactured, is not enough, standing by itself, to authorize you to convict the defendant; but the proof must go further and show beyond a reasonable doubt that the defendant did, in fact, manufacture or make a liquor commonly called choc beer, and, if this is not proved beyond a reasonable doubt, your verdict should be one of not guilty."

The court modified the instruction by adding the following words: "But the fact, if you find it to be a fact, that the defendant had in her possession malt, grain, or other material, out of which alcoholic liquors could be manufactured, is a circumstance you may consider to determine her guilt or innocence of this charge."

There was no error in modifying the instruction. The instruction as asked by the defendant might have tended to confuse and mislead the jury. The defendant

lived in a small house in the city of Van Buren. She had a keg which contained fermented liquor and she also had in her possession a sack of molded grain or mash that had either passed through a state of fermentation, or had been cooked, and in either event was in a condition suitable for use in making intoxicating liquors. Hence the court did not err in modifying the instruction.

The defendant has also assigned as error that the court gave to the jury the following instruction:

"By 'to manufacture' alcoholic'liquors means to convert the raw material out of which alcoholic liquors can be made into alcohol." There was no error in giving this instruction.

The testimony showed that alcoholic liquors could be made out of the mash found in the defendant's house, and if she actually made a preparation containing alcohol out of it, she was guilty under the statute. Section 2 of Act 30, Acts of 1915, p. 98.

We find no prejudicial error in the record and the judgment will be affirmed.