## SMITH *v.* STATE.

### Opinion delivered April 30, 1923.

1. INTOXICATING LIQUORS—MAKING MASH FIT FOR DISTILLATION—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a conviction of making mash fit for distillation.

2.. CRIMINAL LAW—STATEMENT MADE IN ACCUSED'S PRESENCE.— Where, under an indictment for making mash fit for distillation, evidence was introduced tending to prove that defendant was present at M.'s house aiding and abetting in making the prohibited mash, testimony of the officers who arrested defendant that M., in defendant's presence, showed them the bed on which defendant slept, was admissible as a remark calling for a denial by defendant if untrue, and also admissible to contradict M.'s testimony at the trial.

3. CRIMINAL LAW—INSTRUCTION SINGLING OUT EVIDENCE.—While it is improper for the court to direct the jury to consider certain matters in determining defendant's guilt, the giving of such an instruction was not prejudicial error where the court instructed the jury to consider all the facts and circumstances offered in proof, and further instructed them on the question of reasonable doubt.

4. CRIMINAL LAW—INCRIMINATING STATEMENTS OF ACCUSED.—The statements of an accused tending to incriminate him are presumptively admissible against him, in the absence of any showing that they were not voluntary or were induced by fear or hope of favor.

Appeal from Little River Circuit Court; *B. E. Isbell*, Judge; affirmed.

STATEMENT OF FACTS.

Appellant was convicted under an indictment charging him with the crime of making a mash fit for distillation as alcohol. He has not favored us with a brief, but we have examined the record in the case, and will discuss such of the questions raised by the motion for a new trial as appear to be of sufficient importance to require discussion.

The sufficiency of the evidence is raised by the motion for a new trial. On that question it may be said that the officers who arrested appellant testified that he voluntarily made certain admissions, which, if true, very strongly indicated his guilt. Appellant denied, at his trial, that he had made these admissions, but the evidence is amply sufficient to sustain the conviction aside from them.

A white man named Moore was engaged in the manufacture of whiskey, and his premises were under surveillance, and the sheriff, accompanied by two deputies, secreted themselves near Moore's house to watch developments.

Shortly after dark the officers saw appellant, who is a colored man, approach Moore's house. He called to Moore, who came out of the house and engaged in a conversation with appellant. Moore and appellant then went into the horse lot, and hitched a horse to a slide, on which they loaded what the sheriff testified was a still. The slide was driven near enough to the sheriff's place of concealment for him to recognize the object as a still. Appellant testified that the object placed on the slide was a barrel of tar which he was hauling to the river to caulk a boat. The river was about a mile from the house, and Moore did have a boat on the river. Appellant explained his action in hauling the barrel after night by saying that he had been hunting that day and forgot to haul the barrel, as he had been directed to do, until after

night had fallen. He admitted that he had killed no game. The officers followed appellant through the woods for about a quarter of a mile, and were able to do so by the noise made by the metal vessel on the slide. Appellant admitted he did not go the regular road to the ferry on the river from Moore's house, but testified that he went the short way. The officers lost appellant in the woods, and returned to Moore's house, and, about a half-hour after their return, appellant came back, and unhitched the horse and turned it loose. The officers overheard a conversation in which Moore told appellant he would probably be asleep when he returned, but to awaken him. The officers made the arrest before appellant left again, and explained that the arrest was not made earlier because they expected to catch appellant in the act of making whiskey. When first arrested, appellant denied knowing anything about the still or the slide, but later admitted the fact. The officers searched until late in the night, but were unable to find the slide. The sheriff testified that he found where the slide had been driven into the river, but did not find the slide itself.

The officers searched Moore's premises, and they detailed the things found around the house which indicated that whiskey had been recently made there. A still had been in operation only about one hundred yards from the house, and a number of jars and jugs were found which had recently contained whiskey. A copper still was found under some hay about seventy-five yards from Moore's house, and three barrels of mash were found concealed under a woodpile, which the officers testified was about ready "to run."

At the time appellant was arrested he had with him a two-gallon bucket, a lantern, and a gallon demijohn, and a pocket of shotgun shells. The officers also found around the premises bottles and jugs which had contained potassium permanganate and carbolic acid. The officers testified that, after appellant's arrest and during the night, appellant talked about the affair, and that he

did so freely and voluntarily, without duress or coercion
of any kind; but one of the officers admitted striking
the appellant the next morning, but he testified that this
was done because appellant refused to leave the pump-
house where he then was.

Moore was unmarried, but he kept house, and the
officers testified that he showed them, in the presence of
appellant, a bed on which appellant occasionally slept in
the house. The admission of this testimony is assigned
as error.

As a witness Moore admitted the ownership of the
mash, but denied appellant had anything to do with its
preparation, and he and appellant testified that appel-
lant had been engaged in operating a ferry across the
river, and on the night in question had hauled away a
barrel of tar. Moore also testified that the tar was
bought by Knighton, the owner of the farm on which
Moore lived, for the purpose of tarring his fishing nets,
of which he had fifteen or twenty. Other facts will be
stated in the opinion.

No brief for appellant.

*J. S. Utley,* Attorney General, *John L. Carter* and
*Wm. T. Hammock,* Assistants, for appellee.

Only such assignments of error as were properly
excepted to will be noticed. *Yazoo & Miss. Val. Ry.* v.
*Solomon,* 123 Ark. 66.

No error in giving State's instruction No. 3. He was
not charged with "aiding and abetting" but all present
were principals. Sec. 2311, Crawford & Moses' Digest.
Instruction No. 7 not erroneous. The testimony of the
officers relative to the alleged confession of appellant was
properly admitted. *Meyer* v. *State,* 19 Ark. 156; *Young-
blood* v. *State,* 35 Ark. 35; *Hammons* v. *State,* 73 Ark.
495. Assignments 14-19 are without merit, as the testi-
mony to which they relate was admissible for the
purpose for which it was given under the restrictions
placed on it by the court. The weight of the testimony
and credibility of witnesses was for the jury, and their

verdict is supported by the evidence.  *Rhea* v. *State,* 104 Ark. 174; *Denison* v. *State,* 120 Ark. 312; *Hughes* v. *Sebastian County Bank,* 129 Ark. 218; *Harris* v. *Bush,* 129 Ark. 369.

SMITH, J., (after stating the facts).  We think the facts recited are sufficient to sustain appellant's conviction.  It is true he was not seen around the mash in the woodpile, but neither was Moore, who admitted his guilt; and we think that, if Moore was guilty, appellant was guilty also, for we think it fairly infGerable that appellant not only stood by and aided and assisted, but that he did most of the actual work.

The testimony of the officers that Moore showed them the bed on which appellant slept is admissible on two theories:   (1) It was an accusation of guilt, which the jury might have found called for a denial by appellant if it was untrue (*Davis* v. *State,* 14 Ark. 170; *Sheptine* v. *State,* 133 Ark. 239).  (2) Moore testified that appellant had nothing to do with the mash, and denied that appellant ever stayed at his house.  The testimony was competent therefore for the purpose of contradicting Moore.

An exception was saved to the action of the court in telling the jury that, if appellant made the mash or beer, or was present aiding and abetting, or ready and consenting to aid and abet, in its manufacture, to convict him.  The objection made to the instruction was that appellant was indicted as a principal, and the instruction was therefore improper.  Section 2311, C. & M. Digest, reads as follows: "All persons being present, aiding and abetting, or ready and consenting to aid and abet, in any felony, shall be deemed principal offenders, and indicted and punished as such."  The instruction complained of was proper under this section of the statute, and, as we have said, there was testimony that appellant was present aiding and abetting, if, in fact, he did nothing more.

An instruction numbered 7 was given which reads as follows:  "In determining whether or not the defendant

was interested in the making and manufacture of the mash or beer, as alleged in the indictment, you have a right to take into consideration the fact that he visited the home of the witness Moore in the night time, if you so find; the fact that he procured a horse and slide and moved a still away from the home, if you so find; his actions and conduct at the time; his statements to the officers, if any; and all other facts and circumstances offered in proof; and, if you find from the testimony beyond a reasonable doubt that he was connected with the manufacture of the mash or beer, as charged, you should convict him."

This instruction is substantially in the form of an instruction set out in the case of *Benson* v. *State,* 149 Ark. 633. We there said that it was not commendable to give an instruction in this form. The Constitution prohibits judges from charging in regard to matters of fact, and the judges should avoid the appearance of doing so. However, we said in that case that the facts stated were recited hypothetically, and that the consideration of the jury was not limited to those facts alone, and we declined to reverse the judgment, because, as we said (quoting from the case of *Hogue* v. *State,* 93 Ark. 316): "But the giving of such an instruction is not prejudicial error where the court, in the whole charge, directs the jury to consider all the facts and circumstances proved in the case, and especially where, as in this case, the court instructs that 'the facts and circumstances in evidence shall be consistent with each other and with the guilt of the defendant, and inconsistent with any reasonable theory of defendant's innocence.' "

We have in this case an instruction which was given there on the question of reasonable doubt.

The court properly refused to give an instruction numbered 10, which told the jury to disregard the testimony of the officers as to the statements of appellant in regard to hauling the still on the slide, and certain other

statements, as the same had not been shown to have been made without the influen. e of threats or fears or induce-ment held out to him at the time. The statements of an accused are presumptively admissible against him., *Austin* v. *State,* 14 Ark. 556; *Youngblood* v. *State,* 35 Ark. 35; *Greenwood* v. *State,* 107 Ark. 568; *Dewein* v. *State,* 114 Ark. 472.

It is only when the showing is made that his state-ments were not voluntary, or that they were induced by fear or hope of favor, that they are inadmissible. Ap-pellant did not ask to have that question submitted to the jury. Upon the contrary, he made no confession at all, according to his testimony and that of Moore.

If, at the time this testimony was offered, the con-tention had been made that the confession, if such it may be called, had been procured by fear of punishment or hope of favor, then the court should, as a preliminary matter, have heard testimony on that question; and, if there had been substantial testimony showing that the confession was tainted, the court should have given cautionary instructions touching it, notwithstanding its admission. *Shufflin* v. *State,* 122 Ark. 606; *Thomas* v. *State,* 125 Ark. 267; *Love* v. *State,* 22 Ark. 336. But, in the absence of such a contention at the time the testimony was offered, the court properly refused to inject into the case an issue not raised by the testimony.

Upon the whole case we find no prejudicial error, and the judgment is affirmed.