REEDER *v.* STATE.

Opinion delivered January 19, 1931.

1094

*E. M. Ditmon,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HART, C. J.   Earnest Reeder prosecutes this appeal to reverse a judgment of conviction against him for the violation of our liquor laws.   The jury found him guilty on four counts of the indictment and fixed his punishment at one year for each count, which were adjudged to run concurrently.

The first assignment of error is that the evidence is not legally sufficient to support the verdict.   Under the evidence adduced by the State two deputy sheriffs of Sebastian County testified that they made a raid on the Hauck place, situated in the Greenwood District of Sebastian County, and found mash suitable for making intoxicating liquors, about a quart of whiskey, and a complete still ready for operation.   The indications surrounding the place showed that liquor operations had been carried on there.   Dan Reeder and his son, Earnest Reeder, had been jointly indicted for the crimes of manufacturing liquor, setting up a still, possessing an unregistered still, and making mash fit for distillation.   Dan Reeder was tried first and convicted of the offenses.

In order to obtain a new trial by him, his attorney secured a written statement or confession from Earnest Reeder in which he confessed that he and Joe Hauck set up the still and had operated it.   He stated in detail the acts which they had done in the operation of the still, but said that his father had nothing whatever to do with it.   The signed statement of the defendant was introduced in evidence against him.   Notwithstanding that the statement was made by him in an effort to free his father, yet it was a statement in the nature of a confession and as such could be used as evidence against him on the trial of the case.   His confession, together with the incriminating circumstances about the still and mash and whiskey being found there, was sufficient to warrant the

jury in convicting him. *Patterson* v. *State,* 140 Ark. 236, 215 S. W. 629; and *Smith* v. *State,* 158 Ark. 487, 250 S. W. 527. It does not make any difference under what circumstances the defendant made the statement. All that was necessary to render it competent was for the State to show that it was freely and voluntarily made.

The next assignment of error is that the court erred in admitting the testimony of W. E. Boatwright, a notary public, who took the affidavit of the defendant to the confession made by him. The record shows that the witness testified that he had taken the affidavit of the defendant in his presence and under what circumstances the statement was made. After the witness had left the stand, upon further reflection, he asked to take the stand again and said that, upon reconsideration, he thought he had taken the affidavit of the defendant over the telephone, and that the defendant was not present at the time. The court then sustained an objection to his testimony and told the jury that it should not consider any statement the witness had made with reference to any confession made by the defendant. It is perfectly apparent from the record that the court proceeding was in good faith, and this is conceded by counsel for the defendant; but he contends that the prejudice was not removed by the exclusion of the evidence by the action of the court after it had been admitted. We can not agree with counsel in this contention. The court told the jury in plain language that it should not consider any of the testimony of the witness, and it is difficult to see what he could have said or done in addition. The jury is presumed to have been composed of men of common understanding, and it is difficult to see how their minds could have been affected in any way prejudicial to the defendant. Any other course would have resulted in the postponement of the trial and the granting of a new trial because of an error which was inadvertently committed, and which could not have been corrected in any other way.

The judgment of the circuit court will therefore be affirmed.